IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Deutsche Bank National Trust Company, in its capacity as indenture Trustee for Note holders of Aames Mortgage Investment Trust 2005-2, a Delaware statutory trust,<br><br>     Plaintiff,<br><br> vs.<br><br>Willie Lovett, Aames Funding Corporation DBA Aames Home Loan,<br><br>     Defendants. | C/A No. 3:12-01819-MBS-SVH<br><br><br><br>ORDER |

This matter comes before the court on the motion of defendant Willie Lovett ("Lovett") for a temporary restraining order, preliminary injunction, and a hearing. [Entry #9].

I. Factual and Procedural Background

Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") filed this foreclosure action on January 5, 2011 in the Court of Common Pleas in Richland County, South Carolina. On July 2, 2012, Lovett removed this case to this court alleging federal question and diversity jurisdiction. Lovett alleges that Deutsche Bank lacks standing and cannot prove it is a real party in interest entitled to enforce the promissory note in question. [Entry #1]. On July 30, 2012, Lovett filed the instant motion for a temporary restraining order ("TRO"), preliminary injunction, and a hearing "to stop a scheduled foreclosure illegally ordered by the court of common pleas in the city of Richland County on July 23 after a Notice of Removal was filed on July 2 which stopped all activity in the case." [Entry #9].

II. Discussion

 A. Standard of Review

The court may only grant a TRO, which is issued "without written or oral notice to the

adverse party," or a preliminary injunction, after notice to the adverse party, under strict conditions. Fed. R. Civ. P. 65. Both TROs and preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001); *see also Moore v. Kemthorne*, 464 F. Supp.2d 519, 525 (E.D. Va. 2006) ("The standard for granting either a TRO or a preliminary injunction is the same."). A petitioner seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir.2009), overruling *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1]

Traditionally, preliminary injunctions are sought to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003).

B. Analysis

Lovett is unable to show that there is a likelihood that he will succeed on the merits of his case. Lovett provides virtually no factual allegations, save for an allegation that Deutsche Bank

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, --- U.S. ----, 130 S. Ct. 876 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

lacks standing to pursue its claim. [Entry #1]. The instant motion argues that the state court has illegally ordered a foreclosure sale after the action was removed. However, the docket does not indicate that removal has been fully effected pursuant to 28 U.S.C. §1446(d), which states: "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. §1446(d). Therefore, it is not clear that the adverse parties or the state court has had notice that Lovett has removed, or attempted to remove, this matter.[2]

Lovett also fails to allege that he will be irreparably harmed if the court does not grant a TRO or preliminary injunction. Additionally, Lovett has not met his burden of showing that the balance of equities tips in his favor or that injunctive relief is in the public interest. Therefore, the undersigned finds that Lovett has failed to demonstrate that he is entitled to a TRO or a preliminary injunction and further finds that a hearing on the morion is unnecessary.

III.    Conclusion

For the foregoing reasons, Lovett's motion for TRO, preliminary injunction, and a hearing is denied. The matter is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina
August 1, 2012

---

[2] Defendant filed a motion to remand on August 1, 2012. The court will issue an order after full briefing.