IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Deutsche Bank National Trust Company, in its capacity as indenture Trustee for Noteholders of Aames Mortgage Investment Trust 2005-2, a Delaware statutory trust, | C/A No.: 3:12-1819-MBS-SVH |
| Plaintiff, | REPORT AND RECOMMENDATION |
| vs. | |
| Willie Lovett; and Aames Funding Corp. DBA Aames Home Loan, | |
| Defendants. | |

This civil foreclosure action comes before the court on the motion to remand [Entry #11] filed by Plaintiff Deutsche Bank National Trust Company, in its capacity as indenture Trustee for Noteholders of Aames Mortgage Investment Trust 2005-2, a Delaware statutory trust ("Plaintiff"). Defendant did not file a response within the time permitted under the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), this case has been referred to the undersigned for all pretrial management and motions handling. For the reasons that follow, it is recommended that the court grant the motion to remand to the Master-in-Equity for Richland County, South Carolina, in the Court of Common Pleas.

1

I.   Factual and Procedural Background

On January 5, 2011, Plaintiff filed a summons and complaint seeking foreclosure of a residential mortgage signed by *pro se* defendant Willie Lovett ("Defendant") in Case No. 2011-CP-40-0051. [Entry #1-1 at 27]. Plaintiff filed a motion for summary judgment and a hearing was scheduled before the Master-in-Equity on July 3, 2012. Defendant filed a Notice of Removal on July 2, 2012, one day before the motion for summary judgment was scheduled to be heard. Defendant's Notice of Removal asserts removal is proper because of diversity jurisdiction. [Entry #1].

II.   Discussion

A.   Magistrate Judge's Authority to Remand

The motion to remand has been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636. A motion to remand does not explicitly fall within any of the dispositive motions set forth in 28 U.S.C. § 636. This omission has led to a split of authority as to whether a United States Magistrate Judge has the authority to remand a matter to state court. While some courts have held that remand motions are nondispositive and orders of remand can be issued by a Magistrate Judge in a non-consent case, the law in the Fourth Circuit remains unclear whether an order or a report and recommendation should be entered. *See, e.g., Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648, *1 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing

a report and recommendation for the district court's review)"). At least one district court in this district has addressed this issue in a published opinion and held that a Magistrate Judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992) ("[A] remand order is the equivalent of a dismissal. The Magistrate's Order thus sought to effect an 'involuntary dismissal' of the action.") (quoting *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 152 (D.N.J. 1990)); *see also Mortg. Elec. Registration Sys., Inc. v. Hunt*, 6:07-1763-HMH (D.S.C. July 30, 2007) (unpublished opinion collecting cases and finding report and recommendation appropriate when considering motion to remand).

Although the United States Supreme Court has not addressed the issue directly, it has suggested that a remand motion is functionally indistinguishable from a dispositive motion listed in 28 U.S.C. § 636(b)(1)(A). *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996) ("No less than an order staying a federal court action pending adjudication of the dispute in state court, [an order of remand] puts the litigants in this case effectively out of court, and its effect is precisely to surrender jurisdiction of a federal suit to a state court.") (internal quotation and citation omitted). The federal circuit courts addressing this matter have determined in published opinions that remand motions are dispositive. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 994–97 (10th Cir. 2000); and *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998).

The practical impact on the parties of this seemingly-academic dispute is the applicable standard of review in an appeal of the Magistrate Judge's decision on the motion to remand. If the motion to remand is considered nondispositive, the more deferential standard of "clearly erroneous or contrary to law" found in 28 U.S.C. § 636(b)(1)(A) applies to an appeal of the Magistrate Judge's order of remand. If the motion to remand is considered dispositive, the Magistrate Judge should enter a report and recommendation under 28 U.S.C. § 636(b)(1)(B), pursuant to which objections are considered on a *de novo* standard of review under Fed. R. Civ. P. 72.

In light of the unsettled state of the law within this district as to whether motions to remand are considered dispositive, out of an abundance of caution, a report and recommendation, instead of an order, is being entered. This route preserves the prerogative of the District Judge to whom this case is assigned, as well as any potentially aggrieved party to secure a *de novo* review upon timely objection, prior to final action on the remand motion.

B. Federal Jurisdiction

Federal courts are courts of limited jurisdiction. A district court must carefully guard to ensure that all cases before it are properly subject to its jurisdiction. A defendant who has removed an action to federal court has the burden of establishing subject matter jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* "Removal statutes must be strictly construed against removal." *Scott v. Greiner*, 858 F. Supp. 607,

610 (S.D. W.Va. 1994). Further, the court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

The Supreme Court has commanded that when considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 109 (1941) (internal citations omitted).

Pursuant to 28 U.S.C. § 1441:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a). Further, the statute provides that civil actions not involving a federal question "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

C. Analysis

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is federal question

5

jurisdiction under 28 U.S.C. § 1331. Various federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. *See*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases); *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990). A federal district court should remand the case to state court if there is no federal subject matter jurisdiction evident from the face of the notice of removal and any state court pleadings provided. *Ellenburg v. Spartan Motor Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008). Thus, *sua sponte* remand is available under appropriate circumstances.

Plaintiff asserts that there are procedural defects in Defendant's Notice of Removal that require this action be remanded to the state court, and that removal on the basis of diversity jurisdiction is improper. Specifically, Plaintiff argues that: (1) the Notice of Removal was not filed within thirty days after Defendant's receipt of the initial pleading; (2) the Notice of Removal was filed more than one year after the commencement of the action; (3) removal based on diversity of citizenship is improper; and (4) Defendant has not established the amount in controversy exceeds the value specified by 28 U.S.C. § 1332.

1. Notice of Removal not filed within 30 days of service of action

Plaintiff argues that Defendant did not timely file the notice of removal after being served with the summons and complaint. The relevant statute, 28 U.S.C. § 1446(b), provides that "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . .

. .." Here, Defendant was personally served with the summons and complaint on January 5, 2011, but did not file the Notice of Removal until July 2, 2012, well past the 30-day deadline provided in 28 U.S.C. § 1446(b). Therefore, the Notice of Removal is defective, and pursuant to 28 U.S.C. § 1447(c), remand is authorized where a "procedural defect in the removal of the case" exists.

2. Notice of Removal filed more than one year after action commenced

Plaintiff argues that Defendant failed to timely file the Notice of Removal after commencement of the action. The relevant statute, 28 U.S.C. § 1446(c)(1), provides, in pertinent part, that where removal is based on diversity of citizenship, a case may not be removed more than one year after commencement of the action. Because the action was commenced more than one year ago, Defendant could not remove the action based on diversity of citizenship.

3. Removal on diversity of citizenship is improper

Plaintiff argues that the home defendant rule prevents removal on diversity of citizenship. The relevant statute, 28 U.S.C. § 1441(b)(2), provides that removal is permissible on the basis of diversity jurisdiction only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is filed. In his Notice of Removal, Defendant asserts that he is a South Carolina citizen. Therefore, removal on the basis of diversity jurisdiction is improper under 28 U.S.C. § 1441(b)(2).

4. Amount in controversy

Plaintiff argues that Defendant does not meet the statutory amount in controversy. The relevant statute, 28 U.S.C. § 1332(a), provides that the court may hear actions on the basis of diversity jurisdiction only where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Further, where removal is sought on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." 28 U.S.C.§ 1446(c)(2). Plaintiff's summons and complaint alleges that the principal amount due and owing on the note underlying the mortgage to be foreclosed is $71,845.99. Because the amount in controversy is less than $75,000, removal on the basis of diversity jurisdiction is improper.

5. No Federal Question Exists

Further, the court has independently reviewed the pleadings in this case and can discern no basis for the application of federal question jurisdiction. The original case filed in state court involves a residential foreclosure action based only on state law. It is settled that such disputes about the rightful ownership of land within a state are matters of state law, unless there is diversity of citizenship. The fact that the defendant might be able to raise a defense to the foreclosure action based on a federal statute or on a constitutional amendment does not provide removal jurisdiction so long as the state court complaint is based on purely state law as is the case with the complaint submitted along with the Notice of Removal. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007). *Cf. Cook v.*

*Georgetown Steel Corp.*, 770 F. 2d 1272, 1274 (4th Cir. 1985)(removal jurisdiction cannot be found in defenses to the state court complaint); *Dunn v. Astaris*, LLC, 292 F. Appx. 525, 527 (8th Cir. 2008)(same).

      6.    Attorneys' Fees and Costs

In the conclusion paragraph of its motion, Plaintiff requests that the court award it its costs and attorney fees incurred in filing the motion to remand. A court "may require payment of just costs and any actual expense, including attorney fees" for cases remanded by the district court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

The Supreme Court of the United States has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). The Supreme Court found that fee shifting was appropriate in some cases, noting that:

> [t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

9

*Martin,* 546 U.S. at 140.

Plaintiff did not provide any argument or affidavit in support of its prayer for fees and costs addressing the reasonableness of Defendant's removal. Therefore, the undersigned recommends that the request for fees and costs be denied. To the extent Plaintiff wishes to have the District Judge consider the request, it may submit such information in its objections to this Report.

III. Conclusion and Recommendation

Therefore, because Defendant has set forth no proper basis for federal subject matter jurisdiction, removal is improper and it is recommended that this matter be remanded to the Master-in-Equity for Richland County, South Carolina, in the Court of Common Pleas.

IT IS SO RECOMMENDED.

Because this is only a recommendation, the Clerk of Court shall not immediately certify this matter to the Court of Common Pleas for Richland County. If both parties in this case fail to file written objections to this Report and Recommendation within fourteen days after this document is filed, or, if either party files written objections to this Report and Recommendation within fourteen days after this document is filed, the Office of the Clerk of Court, at the end of the fourteen day period, shall forward the case file and any objections to a United States District Judge for a final disposition.

IT IS SO ORDERED.

*Shiva V. Hodges*

August 24, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).