IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Deutsche Bank National Trust Company ) <br> in its capacity as indenture trustee for the ) <br> Noteholders of Aames Mortgage ) <br> Investment Trust 2005-2, a Delaware ) <br> statutory trust, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> vs. ) <br>  ) <br> Willie Lovett and Aames Funding ) <br> Corporation d/b/a Aames Home Loan, ) <br>  ) <br> Defendants. ) <br> _____) | C/A No.: 3:12-cv-1819-JFA <br><br> ORDER |

      This matter comes before the court on a United States Magistrate Judge's Report and Recommendation ("Report"), recommending that this court grant the Motion to Remand filed by Plaintiff Deutsche Bank National Trust Company. Defendant Willie Lovett has filed Objections to the Report. Having reviewed the entire record, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the Report and fully incorporates it into this order.

**I.     Legal Standards**

    **A.     The Magistrate Judge's Report and Recommendation**

      The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02. Recognizing that courts are split on the issue of whether a

1

magistrate judge has the authority to remand a case to state court,[1] the Magistrate Judge, out of an abundance of caution, made only a recommendation to the court that this case be remanded. This recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the Report that have been specifically objected to, and the court is allowed to accept, reject, or modify the Report, in whole or in part. *Id.*

### B.     Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and, as such, may only hear and decide cases when they have been given the authority to do so by the Constitution and by federal statute. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). For cases that were originally filed in state court and were subsequently removed to federal court, 28 U.S.C. § 1446 provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

## II.     Procedural and Factual History

The Plaintiff filed this foreclosure action in state court on January 5, 2011, and Defendant Lovett was served with a copy of the Summons and Complaint on that same

---

[1] While some courts have held that remand motions are nondispositive and orders of remand can be issued by a magistrate judge in a non-consent case, the law in the Fourth Circuit remains unclear whether an order or a report and recommendation should be entered. *See, e.g.*, *Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648, *1 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing a report and recommendation for the district court's review)").

date. On February 4, 2011, the Defendant filed an Answer. Plaintiff then filed a Motion for Summary Judgment, which was scheduled to be heard before the Master in Equity on July 3, 2012. Defendant filed a Notice of Removal on July 2, 2012 (ECF No. 1), one day before the Motion for Summary Judgment was scheduled to be heard and well over a year after he was originally served. On August 1, 2012, the Plaintiff filed a Motion to Remand. (ECF No. 11). After the Defendant failed to file a response to the motion within the time permitted under the Federal Rules of Civil Procedure, the Magistrate Judge issued her Report. (ECF No. 18). On September 10, 2012, the Defendant filed both a Response in Opposition to the Motion to Remand (ECF No. 20) and Objections to the Report (ECF No. 21). The court considers the objections raised in both of these filings below.

**III.     Analysis**

In her Report, the Magistrate Judge recommended that this court grant Plaintiff's Motion to Remand for a number of reasons, including the following: Defendant's Notice of Removal was not filed within 30 days of service of the action; Defendant's Notice of Removal was filed more than one year after the action commenced; removal on diversity of citizenship is improper; the amount in controversy does not meet the requirements for diversity jurisdiction; and no federal question exists. The Magistrate Judge further recommended that this court deny Plaintiff's request for attorney's fees and costs. The Magistrate Judge recommended that this court remand the instant case both for procedural defects in the removal process and for a lack of subject matter jurisdiction. The court fully agrees with that recommendation. The removal process was procedurally

3

flawed, and the Plaintiff objected to the removal in a timely manner. Most importantly, this court lacks jurisdiction as the requirements for diversity jurisdiction have not been met, and there is no federal question. The Magistrate Judge has set forth the correct law and the proper application of that law in her Report, and because this court has already incorporated the Report into this order, the court only restates the law as necessary to respond to the Defendant's objections to the Report.

Defendant objects to the Report because "the rule of law is unsettled in this district and court." (ECF No. 21, p. 2). However, the unsettled area of law—namely, whether magistrate judges have the authority to remand cases—has already been dealt with in the Defendant's favor.[2] The law is clear on the issues of remand and subject matter jurisdiction. The Magistrate Judge has correctly and succinctly set forth that law in her Report, and this court agrees with her determination. This objection lacks merit.

The Defendant argues that the 30-day requirement (presumably of 28 U.S.C. § 1446(b)) is limited to federal questions. The Defendant provides no citation for his contention, and the court is aware of no law or case that restricts 28 U.S.C. § 1446(b) to federal question cases. Additionally, the Defendant summarily states that the removal of this case "is quite proper" and that "[f]raud should in equity bar the remand." None of these unsupported arguments overcome the fact that this court lacks subject matter jurisdiction over the instant case.

---

[2] As the Magistrate Judge issued a Report and Recommendation rather than granting the Motion to Remand outright, the Defendant has received the benefit of this court's *de novo* review.

4

The Defendant offers a couple of reasons that this court does have jurisdiction over the instant case. For example, according to the Defendant, the value of the foreclosure property is over $75,000, and, thus, that prong of 28 U.S.C. § 1332(a) is satisfied. The Complaint clearly states that the principal amount due and owing on the note at issue in this case is $71,845.99, which is less than the amount-in-controversy requirement for diversity jurisdiction. However, even if both prongs of diversity jurisdiction were met in this case, the Defendant could not have properly removed the case because it was filed in his home state. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). The Defendant further submits that this case concerns the Fifth Amendment's takings clause, and, thus, a federal question is implicated. However, it is clear from the face of the Complaint that this case is simply a foreclosure action based on state law. The fact that the Defendant might be able to raise a defense to the foreclosure action based on a federal statute or on a constitutional amendment does not provide removal jurisdiction so long as the state court complaint is based on purely state law. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The Defendant has not shown that this court has jurisdiction rooted in either diversity or federal question.

The Defendant asserts that the Plaintiff's motion is insufficient as "the one-year limit is not jurisdictional. It is merely a procedural requirement and may be waived if not raised on a timely motion for remand." (ECF No. 20, p. 3 (citing *Ariel Land Owners,*

5

*Inc. v. Dring*, 351 F.3d 611, 614 (3d Cir. 2003); *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir. 1992))). Defendant is correct in stating that the one-year limit is procedural, not jurisdictional, and may be waived if not asserted in a timely manner. However, the Plaintiff asserted this procedural deficiency in its Motion to Remand, which was filed 30 days after this action was removed. As such, the Plaintiff has not waived this defense.

The Defendant argues that the Plaintiff lacks standing to move this court to remand the instant case. The court believes that the Defendant misunderstands the concept of standing. "[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Though the Defendant recites almost two pages of law on standing, that law has no bearing on whether or not Plaintiff may seek to have this case remanded.

The Defendant asks this court to deny the instant motion pending a full hearing on a motion to consolidate this case with another case pending before this court, *Lovett v. Deutsche Bank National Trust Company, et al.*, 3:12-cv-1816-MBS-SVH. However, as the court has determined that it does not have jurisdiction over this case, it is required by statute to remand this case. See 28 U.S.C. § 1446.

## IV.   Conclusion

For foregoing reasons, this court is unpersuaded by the various objections to the Report and Recommendation raised by the Defendant. The court hereby adopts the

6

Magistrate Judge's Report and Recommendation and remands this case. The court further denies the Plaintiff's request for attorney's fees and costs.

IT IS SO ORDERED.

February 11, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

7